IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WALTER DAVENPORT,

    Plaintiff,

v.

JO ANNE BARNHART,
Commissioner, Social Security
Administration,

    Defendant.

Civil No. 04-6225-AA

AMENDED OPINION AND ORDER

---

Kathryn Tassinari
Brent Wells
Cram, Harder, Wells & Baron, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
    Attorneys for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Craig J. Casey
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

1 - AMENDED OPINION AND ORDER

David J. Burdett
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
    Attorneys for defendant

AIKEN, Judge:

Plaintiff Walter Davenport brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383 to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income (SSI) benefits under Titles II and XVI of the Social Security Act (the Act). For the reasons set forth below, the decision of the Commissioner is reversed and remanded for further proceedings to determine whether plaintiff's impairments meet or equal Listing 12.05C.

## BACKGROUND

On April 27, 2000, plaintiff applied for disability insurance and SSI benefits, alleging disability as of December 31, 1998. Tr. 56-58, 259-61. His applications were denied initially, and on August 30, 2001, plaintiff filed a new application for benefits alleging disability as of May 31, 2001 due to phenylketonuria (PKU) and left ankle pain. Tr. 60-62, 65-66, 267-70. This application was denied initially and on reconsideration. Tr. 23, 28-31, 263-65, 277-79. After timely requesting a hearing, plaintiff appeared and testified before an Administrative Law Judge (ALJ) on February 19, 2004. Tr. 280-315. A vocational expert also testified. On

2 - AMENDED OPINION AND ORDER

March 15, 2004, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 15-20. On May 24, 2004, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. Tr. 6-8. Plaintiff now seeks judicial review.

Plaintiff was thirty-four years old at the time of the administrative hearing. Tr. 283. Plaintiff has a high school equivalent education and past relevant work as a dishwasher, kitchen helper, and prep cook. Tr. 149-55, 283, 310-11. Plaintiff alleges disability due to mental and cognitive impairments resulting from PKU, a congenital metabolic disorder. Tr. 66.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.

Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. In step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 16; 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the ALJ found that plaintiff had PKU, a congenital metabolic disorder and organic mental disorder, that was a "medically severe impairment." Tr. 16-17; 20 C.F.R. §§ 404.1520(c), 416.920(c). Accordingly, the inquiry moved to step three.

In step three, the ALJ found that plaintiff's impairment was not equal or medically equivalent to any of the listed impairments so as to establish disability. Tr. 17; 20 C.F.R. §§ 404.1520(d), 416.920(d). Thus, the analysis proceeded to step four. In step four, the ALJ found that plaintiff retained the residual functional

capacity (RFC) to perform his "past relevant work" as a dishwasher, kitchen helper or stocker. Tr. 18-19; 20 C.F.R. §§ 404.1520(e), 416.920(e); Social Security Regulation (SSR) 96-8p. Therefore, the ALJ did not proceed to step five to determine whether plaintiff was capable of performing other work that exists in the national economy. 20 C.F.R. §§ 404.1520(f), 416.920(f). Accordingly, the ALJ found plaintiff not disabled under the meaning of the Act. Plaintiff disputes the ALJ's findings at steps three and four.

## DISCUSSION

Plaintiff asserts that the ALJ's decision should be reversed and remanded for payment of benefits, because the ALJ erred in finding that plaintiff's mental impairments did not meet or equal the listings. Plaintiff also contends that the ALJ failed to give clear and convincing reasons for discrediting the opinion of a non-treating physician and improperly evaluated the statements of lay witnesses. Plaintiff alleges that had the ALJ evaluated this evidence properly, his residual functional capacity would preclude the ability to perform work activity.

A. Opinion of Non-examining Physician

Plaintiff argues that the ALJ erred in rejecting the opinions of nutritionist Diane Smith and physician David Koeller, M.D., who wrote a letter in support of plaintiff's efforts to obtain disability benefits and opined that plaintiff was a disabled individual with no chance of improvement. Tr. 250-51. While

5 - AMENDED OPINION AND ORDER

plaintiff concedes that Ms. Smith is not an acceptable medical source, he argues that Dr. Koeller is a medical doctor and metabolic specialist, and that his opinion in the letter is consistent with the record and documentation of plaintiff's cognitive limitations. Therefore, plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting Dr. Koeller's opinion. I disagree.

Although an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinion of a treating or examining physician, the record does not reflect that Dr. Koeller ever treated or examined plaintiff. See Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). Plaintiff nonetheless argues that plaintiff was treated at the medical facility where Dr. Koeller specializes and that he has full access to plaintiff's records. Regardless, the fact remains that Dr. Koeller did not render his opinion as a treating or examining physician. Therefore, his opinion is on par with that of a non-examining physician, such as the medical expert, Dr. Pati, whose testimony contradicted with the opinion of Dr. Koeller. Tr. 303-06.

The ALJ discounted the disability opinion rendered by Ms. Smith and Dr. Koeller, because it was based on a one-time examination, outside the area of their expertise, and inconsistent with other evidence of record. Tr. 18. I find that these reasons are legally sufficient, given plaintiff's work history and the

contradictory opinion of Dr. Pati. Tr. 101-108, 149-155, 179, 256, 303; Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (the Commissioner must provide "specific and legitimate" reasons supported by substantial evidence in the record for rejecting a controverted opinion). The ALJ's interpretation of the evidence may not be the only reasonable one. However, it is not this court's role to second-guess the ALJ's interpretation of the evidence if it is reasonable and supported by substantial evidence. Rollins. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

B. Lay Witness Testimony

Plaintiff next argues that the ALJ failed to give proper consideration to the testimony of Kelley Davenport, plaintiff's wife, and the written submissions of Bobbie Royle, plaintiff's mother. Ms. Davenport testified that plaintiff has difficulty getting along with people and acts socially inappropriate. Tr. 298-300. Ms. Royle reported that plaintiff says inappropriate comments to others and does not understand instructions or directions. Tr. 93, 136. The ALJ accepted the testimony of plaintiff's wife but did not find that it supported an inability to work or a finding of disability. Tr. 18. The ALJ did not address the comments of plaintiff's mother.

I find no error in the ALJ's consideration of this evidence. The ALJ noted that plaintiff left his job supervising other dishwashers because of a pay dispute rather than an inability to

perform the work. Tr. 18 n.1. Based on the assessment of the psychological consultant and plaintiff's past work history, the ALJ determined that plaintiff has moderate limitations in his ability to interact appropriate with the public, get along with coworkers and peers, and respond appropriately to changes in the work setting. Tr. 18, 242-44. Thus, the ALJ's RFC determination reflected the limitations noted by plaintiff's wife.

Further, the written report of Ms. Royle is not "testimony" that the ALJ must consider and give germane reasons to reject, such as the lay witness testimony addressed in Smolen v. Chater, 80 F.3d 1273, 1288-89 (9th Cir. 1996). Rather, this is an unsworn statement on a form document submitted as part of the disability application packet. Because Ms. Royle did not testify, it would be difficult, if not impossible, for the ALJ to make a credibility determination. Therefore, the ALJ did not err in failing to address Ms. Royle's written submissions.

C. The Listings

Finally, plaintiff argues that the ALJ erred in finding that his mental impairment did not meet or equal the criteria of Listing 12.05C for mental retardation. To meet Listing 12.05, the claimant must have a "significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested . . . before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C. Further, the claimant must have a verbal, performance, or full

scale IQ of 60 through 70 and other impairments that impose additional and significant work-related limitations. Id. § 12.05C.

The ALJ apparently did not consider whether plaintiff's impairment met or equaled listing 12.05. Tr. 17. Instead, all consulting physicians of record considered whether plaintiff met or equaled the criteria under Listing 12.02 for organic mental disorder and indicated that there was no evidence of a sign or symptom under the diagnostic criteria for mental retardation. Tr. 185, 187, 190, 210, 214, 220, 228, 232, 238, 302.

Regardless, whether the record supports disability based on Listing 12.05C involves factual findings that are not properly made by this court. Given evidence of record that plaintiff has a verbal IQ of 70, borderline intellectual functioning, and other mental and physical impairments, remand for further proceedings to consider whether plaintiff meets or equals Listing 12.05 and/or similar listed impairments is appropriate.

### CONCLUSION

The findings and conclusion of the ALJ that plaintiff is not disabled under the Act are not supported by substantial evidence in the record. Although I find no error in the consideration of Dr. Koeller's opinion or the lay witness testimony, there was no determination as to whether plaintiff's mental impairments meet or equal Listing 12.05C, and this court cannot make such a determination based on the evidence of record. Accordingly, the

decision of the Commissioner is REVERSED and REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 23rd day of August, 2005.

/s/ Ann Aiken
Ann Aiken
United States District Judge